# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-574

STATE OF LOUISIANA

VERSUS

CHARLES BRAD DOSHER

A/K/A CHARLES BRADLEY DOSHER

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 18-0275
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**********

## D. KENT SAVOIE
## JUDGE

**********

Court composed of Billy Howard Ezell, D. Kent Savoie, and J. Larry Vidrine*, Judges.

**AFFIRMED.**

_____

*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Karla Shirley-McHand**
**Assistant District Attorney**
**Bradley R. Burget**
**District Attorney**
**Seventh Judicial District**
**301 Bushley Street, 3rd Floor**
**Harrisonburg, Louisiana 71340**
**(318) 744-5232**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Meghan Harwell Bitoun**
**Louisiana Appellate Project**
**P.O. Box 4252.**
**New Orleans, LA 70119**
**(504) 470-4779**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Charles Brad Dosher**

**Charles Brad Dosher**
**MPWY/WAL-3**
**Louisiana State Prison**
**Angola, LA 70712**
**DEFENDANT/APPELLANT**

**SAVOIE, Judge.**

On July 12, 2018, Defendant, Charles B. Dosher, was charged by bill of indictment with aggravated flight from an officer, in violation of La.R.S. 14:108.1(C). The trial court's docket number for this charge was 18-275. On the same day, Defendant was also indicted under trial court docket number 18-274 with illegal possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1, as well as under trial court docket number 18-273 for the second degree murder of his father, Charles Virgil Dosher. Although all three charges were filed on the same day and were tried together, they were never joined in the trial court.

Defendant proceeded to trial on all three charges on October 1, 2019, following a day-long jury selection. On October 4, 2019, the jury returned guilty verdicts on all three counts. Polling of the jury revealed a ten-to-two verdict on the second degree murder charge, an eleven-to-one verdict on the possession of a firearm by a convicted felon charge, and a unanimous verdict on the aggravated flight charge.

On November 26, 2019, the trial court sentenced Defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence for second degree murder; twenty years without benefits for possession of a firearm by a convicted felon; and five years for aggravated flight from an officer.

Defendant has appealed each of his convictions and sentences, raising two assignments of error: (1) the convictions for second degree murder and possession of a firearm by a convicted felon are unconstitutional because they were non-unanimous and (2) the trial court committed a non-harmless error when it instructed the jury that it could convict Defendant with a less than unanimous verdict.

As the instant appeal corresponds only to the aggravated flight from an officer conviction at issue in trial court docket number 18-275, we will address herein only assignment of error number two.[1]  For the following reasons, we affirm Defendant's conviction and sentence for aggravated flight from an officer.

## FACTS

Defendant was convicted of aggravated flight from an officer after multiple police officers testified as to Defendant's actions while attempting to evade arrest following the shooting death of Defendant's father during an argument between the two.  These actions include driving at excessive speeds while being pursued by law enforcement and running an officer off of the road.

## ASSIGNMENT OF ERROR NUMBER TWO:

In his second assignment of error, Defendant contends the trial court's instruction to the jury that only ten members of the jury need to agree in order to reach a verdict was a structural error that should result in Defendant's unanimous conviction for aggravated flight from an officer being vacated and remanded for a new trial.  Defendant contends that because studies have shown that juries who do not have to reach a unanimous verdict are more likely to reach a verdict and recall less evidence and that juries faced with serious charges alongside less serious charges are more likely to convict on the lesser charges, he suffered harm.  Additionally, Defendant contends the jury instruction should be considered a structural error in the same way that an erroneous jury instruction was considered a structural error in *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078 (1993).

---

[1] Defendant's appeal of his conviction of second degree murder and related sentence is addressed in connection with this court's docket number 20-572.  Defendant's appeal of his conviction of illegal possession of a firearm by a convicted felon and related sentence is addressed in connection with this court's docket number 20-573.

Initially, we note that in the instant case, the trial court's jury instruction that the jury need not be unanimous is quite different from the erroneous jury instruction addressed in *Sullivan*. In *Sullivan*, the trial court gave an incorrect jury instruction on the definition of reasonable doubt. The Supreme Court ultimately found that such an erroneous instruction made it impossible for the jury to reach a valid verdict and that any review of the ruling would be pure speculation. Further, the jury instruction given in *Sullivan* was an incorrect statement of law as it was understood at the time, whereas the jury instruction Defendant complains of in the instant case was a correct statement of the law at the time.

Defendant's trial took place in October of 2019, at which time La.Code Crim.P. art. 782(A) governed verdicts in jury trials and expressly stated that "[a] case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict." Because the Sixth Amendment right to a unanimous jury in state courts was not recognized until the Supreme Court's ruling in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020), was issued on April 20, 2020, the trial court's jury instruction that only ten members of the jury need to concur to reach a verdict was a correct statement of law at the time. Furthermore, the fact that the same jury reached non-unanimous verdicts on the remaining two charges suggests that the jury understood it need not be unanimous, yet it reached a unanimous verdict nonetheless.

Defendant is asking this court to invalidate a unanimous jury verdict based on a jury instruction that, at the time, was a correct statement of law. Defendant's argument would mean that every trial that ever took place in Louisiana under the non-unanimous jury verdict scheme, whether the verdict was unanimous or not,

3

should be considered an invalid conviction based upon a structural error. However, we are not aware of any rulings where a court has held that a trial was automatically invalid simply because the trial court gave the jury a non-unanimous jury verdict instruction. As such, we conclude that this assignment of error lacks merit.

## **DECREE**

Defendant's conviction and sentence for aggravated flight from an officer is hereby affirmed.

**AFFIRMED.**